[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is a support action pursuant to General Statutes §§46b-215 and 46b-172. There are two acknowledged minor children. The petition seeks child support, medical orders and other appropriate relief. CT Page 15694
On the hearing date, the State filed financial affidavits completed by the parties and a guidelines worksheet. It was reported that the parties had agreed to the guidelines computation submitted by the State. The court was in the process of entering the agreement as a judgment when the plaintiff questioned the defendant's failure to report rental income on his financial affidavit. The court, Sosnoff, F.S.M., immediately vacated the partially completed orders and referred the matter to the undersigned for a de novo hearing the same afternoon.
Upon full rehearing, the court finds the following: The parties separated on or about May 1, 2001. Since that date the defendant has voluntarily supported his children, primarily by paying all of the plaintiff's daycare costs in the amount of $230.00 per week directly to the provider. The plaintiff concedes that such payments are substantial and regular and thus does not claim any prior neglect or refusal to pay support. Accordingly she claims no support arrearage.
The defendant is an electrician presently employed by Claywell Electric. He works a 40-hour week earning $18 per hour. This totals $720 per week, which is the amount he stated as his gross income on his financial affidavit. just two weeks ago he was terminated from employment at Micon Electrical Contractors where he was paid up to $24 per hour. He produced his unemployment notice which verifies that he was laid off for lack of work. Notwithstanding the timing of his loss of a higher paying job, the petitioner does not contest the validity of his employment or claim an earning capacity deviation. The court finds his testimony credible in this regard[1].
After the parties separated, the defendant quit-claimed to the plaintiff all interest in their joint residence in Bloomfield. He then purchased a three-family residence in Hartford. He resides in one of the units and rents the other two. He admits that although he reported his mortgage payments as an expense, he neglected to include the rental income on his financial affidavit. The rent is $550.00 per month for each of the other two units. The expenses are: $1,118.39 per month mortgage payments, which included taxes and liability insurance; $91.00 per year additional for fire insurance; and $40.00 per month for water. The court finds that two-thirds of his expenses are allowable as deductions against his rental income for purposes of this computation. This yields an additional $62.11 per week which should have been included on his financial affidavit and must be included as income in the guidelines computation. Regs., Conn. State Agencies, § 46b-215a-1(11) (A) (xii).
The plaintiff mother is an operation analyst with Reliastar ING insurance. Her financial affidavit lists her gross weekly income as $499 CT Page 15695 per week with a net of $398. The guidelines worksheet prepared by the Department of Social Services uses the affidavit gross income figure but the net figure was reduced to $374.48. However, when canvassed at the hearing, she stated that she was paid a salary of $34,000 per year. When it was observed that this was substantially more than the gross income stated on the financial affidavit she produced a direct deposit advice statement (plaintiff's exhibit B) which listed her gross pay as $1,307.69 for the bi-weekly pay period. The actual deposit after all deductions was $975.78. Furthermore, the plaintiff testified that she now works about 15 hours per week at a second Job at Wadsworth Atheneum. She is paid $9.09 per hour. Section 46b-215a-1(11) (A) (ii) requires that the income from the additional employment be included as gross income for purposes of child support calculations up to a maximum of 52 total paid hours per week[2]. Obviously the submitted guidelines computation is erroneous.
One more adjustment is necessary. The child support guidelines require that deductions for federal and state income taxes be based on "all allowable exemptions, deductions and credits." Regs., Conn. State Agencies, § 46b-215a-1(1)(A). In contrast to the 1994 guidelines under which the tax deductions were based on withholding, the present guidelines require the deduction to be based on the actual tax liability. Regs., Conn. State Agencies, preamble § (f)(2)(A). Although the plaintiff is entitled to claim head-of-household status and three exemptions, her payroll advice indicates deductions based on single with one exemption. Clearly she is overwithholding by a considerable amount. Additionally she is entitled to sizable tax credits including the federal child care credit and the child tax credit. The court has computed the appropriate taxes. The calculation is appended hereto.
The court finds that for purposes of the child support calculation the plaintiff mother has income of $763 per week gross with a net of $657 per week. The defendant father has a weekly gross income of $782 per week with a net of $587. The child support guidelines yield a presumptive child support order of $164.00 per week. The court finds no reason to deviate from the guidelines computation. The defendant is ordered to pay $164.00 per week current support. A copy of the court's guideline worksheet is appended.
There is no arrearage. By agreement, the order is effective December 7, 2001. Immediate income withholding is ordered. Payments are to be made as directed by the support enforcement division.
The child support guidelines require the court to provide an order for medical and dental insurance coverage. Regs., Conn. State Agencies, § 46b-215a-2a(g)(1). Accordingly, each parent is ordered to provide medical and dental insurance for the benefit of the minor child as CT Page 15696 available at reasonable cost on a group basis through an employer or union. The provisions of General Statutes § 46b-84 (e) are incorporated.
The child support guidelines also require this court to order payment of the children's "medical and dental expenses that are not covered by insurance or reimbursed in any other manner." Regs., Conn. State Agencies, § 46b-215a-2a(g)(3). The guidelines call for recomputation of the parties' respective net incomes by adjusting the same for the amount of the support order, arriving at an adjusted "net disposable income". The computation is shown on part III of the guidelines work sheet. Accordingly, the defendant father is ordered to pay 34% and the plaintiff mother 66% of any unreimbursed or uninsured medical or dental costs that exceed the first $100 per year per child.
The child support guidelines require the court to provide an order providing for payment by the non-custodial parent toward child care costs. Regs., Conn. State Agencies, § 46b-215a-2a(h)(2). The defendant is ordered to pay 34% of reasonable, necessary, unreimbursed, employment related child care costs. The plaintiff may elect to have the defendant continue to pay his share directly to the day care provider.
Judgment is entered accordingly.
BY THE COURT
HARRIS T. LIFSHITZ FAMILY SUPPORT MAGISTRATE
Summary of 2001 Taxes
Name: Hussan Larmond Shirley Foster
Federal Income Tax
1 Salary 37,440 34,000
2 Self-Employment Income 0 0
3 Interest + Dividends 0 0
4 Alimony Received 0 0
5 Long Term Capital Gain 0 0
6 Other Income 3,205 5,672
CT Page 15697
7 Total Income 40,645 39,672
Less:
8 Alimony Paid 0 0
9 Other Adjustments to Income 0 0
10 Adjusted Gross Income 40,645 39,672
Less:
11 Greater: Standard Deduction (4,550) (6,650)
12 or Itemized Deductions 0 0
13 Personal Exemptions Allowed (2,900) (8,700)
14 Taxable Income 33,195 24,322
15 Taxable Inc Excl Cap Gains 33,195 24,322
16 Tax on Regular Income 5,778 3,648
17 Tax on Cap Gains Income 0 0
18 Child Care Credit 0 (960)
19 Education/Other Credits 0 0
20 Tax Before Refundable Cr 5,778 2,688
21 Child Cr — Under Age 17 0 (1,000)
22 Earned Income Credit 0 0
23 Alternative Minimum Tax 0 0
24 Total Federal Income Tax 5,778 1,688
25 Social Security Tax 2,864 2,601
26 State Income Tax 1,511 663
27 Local Income Tax 0 0 CT Page 15698
28 Total Taxes 10,153 4,952
Taxes Saved
29 Child Dependency Exemption 0 870
30 Child Tax Cr — Under Age 17 0 1,000
31 Average Tax Rate % 25.0% 12.5%
32 Marginal Federal Tax % 28.0% 15.0%
33 Marginal Fed + State Tax % 32.5% 19.5%
34 Filing Status Single Hd Hsld
35 Total Personal Exemptions 1 3
36 No. Children Under Age 17 0 2
November 29, 2001 01:58 AM
(c) Copyright 1990, 2001 by FinPlan Co. All rights reserved.
 Value of Under Age 17 Child Tax Credit Calculation of Additional Child Tax Credit for Families with 3 or More Children Under Age 17
2001
Last Name Hussan Larmond Shirley Foster
1 Max Possible Child Cr (After Phaseout) $0 $1,000
2 Actual Child Tax Credit Finally Allowed 0 1,000
Child Tax Credit Allowed
3 Tax Before Child Cr Earned Inc Cr (EIC) $5,778 $2,688
4 Child Credit Allowed — Reg Tax Formula 0 1,000 CT Page 15699
5 Child Cr Disallowed — Reg Tax Formula 0 0
Maximum Credit For Families with 3 or more Children
6 Number of Children Under Age 17 0 2
Additional Credit if 3 or more Children
7 Social Security Tax + 1/2 Self-Emp Tax 2,864 2,601
8 Earned Income Credit (EIC) 0 0 ______ ______ 9 Max Increase in Child Tax Credit is excess of 2,864 2,601 Social Security Taxes over EIC
10 Increase in Allowed Credit 0 0
11 Total Credit for Families with 0 0 3 or More Children Cannot be Greater than Max Cr (line 1 at top of page)
Portion of Allowed Child Credit to be Refundable
12 Amount Included in Line 2 0 0 at Top of Page Which is Refundable (excess of allowed child credit over regular tax liability)
November 29, 2001 02:08 AM
(c) Copyright 1990, 2001 by FinPlan Co. All rights reserved.
 Value of Under Age 17 Child Tax Credit 
2001
Last Name Hussan Larmond Shirley Foster
Number of Children Under Age 17 0 2 CT Page 15700
Actual Under Age 17 Child TaxCredit Allowed $0 $1,000
Federal + State Tax Savings from all Child $0 $870
Dependency Exemptions
Total Tax Savings from Both $0 $1,870
Computation of Allowed Child Tax Credit
1 Credit for Each Child $500 $500
2 Maximum Potential Credit 0 1,000
3 Filing Status Single Hd Hsld
4 Threshold Amt for Phaseout 75,000 75,000
5 Federal Adjusted Gross Income 40,645 39,672
6 Excess Over Threshold 0 0
7 Reduction in Maximum Potential 0 0 Credit (Max Cr-line 2-is reduced by $50 for each $1,000 of line 6)
8 Maximum Allowed Credit After $0 $1,000 Phaseout (line 2 less Line 7)
9 Actual Child Tax Cr Allowed $0 $1,000 Including Refundable Portion
Maximim allowed credit on line 8 may be reduced due to insufficient taxto use the child tax credit — an additional credit is available for familieswith 3 or more children under age 17 to correct some of thesesituations. Line 9 reflects any additional allowed amount including anypart of child tax credit which is refundable.
November 29, 2001 02:08 AM
(c) Copyright 1990, 2001 by FinPlan Co. All rights reserved.
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES
CT Page 15701 WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
Mother Father Custodian Shirley Foster Hussan Larmond [] MOTHER FATHER
OTHER CUSTODIAN
Court Hartford Superior D.N. Case No. FA01-0632618 Number of Children 2
Name of Child Date of Birth Name of Child Date of Birth
 Hussan Jay Larmond July 12, 1997 Mikaila Symone Larmond Jan. 17, 2001
 I. NET INCOME (Weekly amounts) Shirley Foster Hussan Larmond
1. Gross income (attach verification) $763 $782
2. Federal income tax (allowable exemptions, deductions credits 32 111
2a. Eliminate refundable earned income credit on line 2 0 0
3. State and local income tax (allowable exempt, deductions, cr) 13 29
4. Social Security tax 41 45
4a. Mandatory retirement 0 0
5. Medicare tax 9 10
6. Health insurance premiums (other than child) 11 0
7. Mandatory union dues or fees 0 0
8. Non-arrearage payments — court ordered alimony child support 0 0
9. Imputed support obligation for qualified child 0 0 (Current spt all children/total children X # qualified children) CT Page 15702
10. Sum of lines 2-9 $106 $195
11. Net Income (line 1 minus line 10) $657 $587
 II. CURRENT SUPPORT
12. Comblned net weekly income (rounded to nearest $10) $1,240
13. Basic child support obligation (from schedule) $346
14. Check here if noncustodial parent is a low-income obligor
15. Child's health insurance premium $0 $0
16. Total current spt obligation (line 13 $346 minus noncustodial parent's line 15 amount if line 14 is checked-line 13 + line 15 total for all other cases)
17. Each parent's share of line 12 (If 52.66% 47.34% line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18)
18. Each parent's share of the total $182 $164 current support obligation (line 17 times line 16 for each parent)
19. Health insurance premium adjustment $0
20. Social Security dependency benefits adjustment $0
21. Sum of lines 19 and 20 (for each parent) $0
22. Presumptive current support amounts $164
23. Recommended current support order(Noncustodial $164
parent only. If different from line 22 amount, explain on line 47)
III. UNREIMBURSED MEDICAL EXPENSE $0 $0 CT Page 15703
24. Net disposable income (line 11 plus $821 $423
line 23 for custodial parent; line 11 minus line 23 for noncustodial)
25. Each parent's share of combined net 66.00% 34.00% disposable income (each parent's line 24 divided by sum of line 24 amounts)
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $230 $0
V. ARREARAGE
27. Delinquencies on current support orders $0
28. Unpaid court-ordered arrearages 0
29. Support due for periods prior to support action (not court-ordered 0
30. Total arrearages $0
VI. ARREARAGE PAYMENT
31. Current support order from line 23 $0 (or imputed support obligation if there is no current support order or child is living with the obligor)
32. 20% of line 31 $0
 — (if line 14 is checked, skip line 32 and go to line 37)
 — (if the child for whom the arrearage is owed is deceased, emancipated, or over 18, skip line 32 and go to line 39)
 — (if the child is living with the obligor, skip lines 33-39 and:
 (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR CT Page 15704
 (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40)
33. Obligor's line 11 amount $0
34. 55% of line 33 0
35. Line 34 minus line 31 0
36. Lesser of line 32 or line 35 (Enter here and 0 on line 40 and skip lines 37-39)
37. 10% of line 31 0
38. Greater of line 37 or $1 (Enter here and on line 40) 0
39. 50% of line 31 (Enter here and on line 40) 0
40. Recommended arrearage payment $0 (If different from line 45, explain on line 47)
VII. ORDER SUMMARY
41. Current support order $164
42. Unreimbursed medical expense order $0
43. Child care contribution $78
To State To Family
44. Total arrearage $0 $0
45. Arrearage payment order $0 $0
46. Total child support award: $242
 VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
 Prepared By Title of Preparer Date Prepared Harris T. Lifshitz Family Support Mag. Nov. 27, 2001
CT Page 15705